OPINION
{¶ 1} Defendant-appellant, Charles L. Williams, appeals from a decision of the Allen County Court of Common Pleas overruling his motion for additional jail time credit. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On April 15, 1999, the Allen County Grand Jury indicted the appellant on three counts of trafficking in marijuana and one count of possession of marijuana, violations of R.C. 2925.03(A) and (C)(3)(c) and R.C. 2925.11(A) and (C)(3)(d), respectively. Appellant entered pleas of not guilty to all four counts.
 {¶ 3} Following a jury trial in September 1999, the appellant was found guilty of one count of trafficking and the possession charge. He was found not guilty on the remaining trafficking counts. The trial court entered judgment accordingly and continued sentencing to allow for the preparation of a presentence investigation report.
 {¶ 4} On October 21, 1999, a sentencing hearing was held and the trial court sentenced the appellant to the maximum sentence of five years on each count and ordered that the sentences be served consecutively. The trial court also ordered that the appellant receive 57 days jail time credit. The jail time credit consists of the fourteen days that the appellant served between his arrest on April 17, 1999 and April 30, 1999, when he bonded out, and the 43 days he was held in custody between the time his bond was revoked and the sentence was imposed.
 {¶ 5} Thereafter, the appellant filed a timely direct appeal of his conviction and sentence. This Court affirmed the judgment entered in the trial court.[1]
 {¶ 6} On December 10, 2002, the appellant filed a motion for jail time credit. Specifically, the appellant requested that the court grant him jail time credit for time he served while being held in the Hancock County Jail pursuant to Hancock County case No. 96-243-CR. The court below overruled the motion, finding that the appellant had been given the appropriate number of days of jail time credit.
 {¶ 7} The appellant now appeals asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
The trial court erred in not granting the defendant/appellant jail-time-credit for his confinement in another county for the same alleged criminal acts in violation of the Fourteenth Amendment of the Ohio and United States Constitutions.
 ASSIGNMENT OF ERROR NO. II
The trial court erred in failing to grant full jail-time-credit after sentencing defendant/appellant to maximum sentence resulting in a violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution.
 ASSIGNMENT OF ERROR NO. III
The trial court committed plain error by failing to grant credit for time spent in another county jail, prior to conviction for same offenses, thus violating defendant/appellant's equal protection clause of the Fourteenth Amendment of the United States Constitution.
 {¶ 8} For purposes of clarity and brevity, we will address the assignments of error together.
 {¶ 9} In his three assignments of error, the appellant asserts that the trial court erred in failing to grant him additional jail time credit. The appellant maintains that the trial court should have awarded him jail time credit for the 326 days from December 16, 1996 until November 19, 1997 when he was incarcerated in the Hancock County Jail pursuant to an indictment filed against him in that county. The reason he should have given him full jail time credit for the his time served in the Hancock County jail is because, he alleges, his incarceration there was based upon the same alleged criminal acts as he was convicted of in Allen County.
 {¶ 10} The appellant should have raised this issue in his direct appeal from his sentence. The doctrine of res judicata prohibits a convicted defendant from raising and litigating issues in another proceeding when those issues could have been raised by the defendant on direct appeal from the trial court's judgment.[2] In State v. Perry, the Ohio Supreme Court held:
Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have beenraised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.[3]
The appellant could have asserted in his direct appeal that the trial court erred in refusing to give him jail time credit from December 16, 1996 until November 19, 1997. Nothing in the record suggests that the evidence which the appellant has attached to his brief — namely, an amended bill of particulars, a filing of additional discovery, and a "Recognizance of the Accused" form, all from Hancock County case No. 96-00243-CR — could not have been brought forth by the appellant at the time of his sentencing hearing or in his previous, timely appeal. Therefore, we find that res judicata applies, and the trial court did not err by denying the appellant's petition.[4]
 {¶ 11} Accordingly, the appellant's assignments of error are overruled.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court. Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] State v. Williams, Allen App. No. 1-99-86, 2000-Ohio-1861.
[2] State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
[3] Id. See, also, State v. Reynolds (1997), 79 Ohio St.3d 158,161.
[4] State v. Boggs (Mar. 29, 2000), Lorain App. No. 99CA007358; Statev. Persons (Feb. 4, 2000), Washington App. No. 99CA117. See, also, Statev. Fincher (Mar. 31, 1998), Franklin App. No. 97APA08-1084.